Cory R. Weck (SBN 183805)
crw@mccunewright.com
Brynna D. Popka (SBN 310801)
bdp@mccunewright.com
McCUNE WRIGHT AREVALO, LLP
3281 East Guasti Road, Ste. 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Attorneys for Plaintiff

**FILED**
Superior Court of California
County of Riverside
**8/17/2021**
**T. Ramirez**
Electronically Filed

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| BYRON BLACK,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BLYTHE; CITY OF SANTA ANA; COUNTY OF ORANGE; J. CARDONA; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>1. False Imprisonment<br>2. Violation of Plaintiff's Fourth Amendment Rights – 42 U.S.C. 1983<br>3. Violation of Article I, Section 13 of California State's Constitution<br>4. Intentional Infliction of Emotional Distress<br>5. Negligence<br>6. Negligent Infliction of Emotional Distress<br>7. Failure to Train (42 U.S.C. § 1983)<br>8. Negligent Hiring, Retention and Supervision<br><br>DEMAND FOR JURY TRIAL |

COMES NOW, the plaintiff, BYRON BLACK, and for his causes of action against the defendants and each of them allege as follows:

### PARTIES

1.      At all times herein mentioned, Plaintiff BYRON BLACK [hereinafter referred to as "Plaintiff"], was and is a resident of the State of California, and subject to the jurisdiction of this court.

1    2.    At all times mentioned herein, Defendant CITY OF BLYTHE [hereinafter referred to as

2 "Defendant BLYTHE" or collectively as "Defendants"], is the City of Blythe, a governmental entity

3 operating in the County of Riverside, State of California.

4    3.    At all times mentioned herein, Defendant CITY OF SANTA ANA [hereinafter referred

5 to as "Defendant SANTA ANA" or collectively as "Defendants"], is the City of Santa, a governmental

6 entity operating in the County of Orange, State of California.

7    4.    At all times mentioned herein, Defendant COUNTY OF ORANGE [hereinafter referred

8 to as "Defendant ORANGE COUNTY" or collectively as "Defendants"], is the County of Orange, a

9 governmental entity operating in the County of Orange, State of California.

10    5.    Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned

11 herein, Defendant J. CARDONA [hereinafter referred to as "Defendant CARDONA" or collectively as

12 "Defendants"], was a resident of the State of California and was employed by Defendant BLYTHE as a

13 Police Officer with the Blythe Police Department, a sub-agency of Defendant BLYTHE, and was, at all

14 times relevant herein, acting within the course and scope of employment.

15    6.    Plaintiff is unaware of the true names and capacities of each defendant sued herein as

16 DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff

17 will amend the complaint to allege the true names and capacities when they are ascertained.  Plaintiff is

18 informed and believes, and on that basis, alleges that each of the fictitiously named defendants is liable

19 in the manner set forth below for the acts, conduct and/or omissions concerning the events and

20 happenings herein referred to, which directly and proximately caused the damages and injuries to

21 plaintiff as alleged herein.

22    7.    Plaintiff is ignorant of the trues names and capacities of Defendants sued herein as DOES

23 1 through 50, inclusive, and therefore sues Defendants by such fictitious names. Defendant DOES 1

24 through 50, inclusive, are culpable individuals or legal persons who engaged in actions including, but

25 not limited to, the issuing of the arrest warrant causing Plaintiffs unlawful arrest, as well as the unlawful

26 arrest, detainment, and imprisonment of Plaintiff. Plaintiff will amend this Complaint to allege their true

27 names and capacities when ascertained.

28 //

8. Plaintiff is ignorant of the trues names and capacities of Defendants sued herein as DOES 51 through 100, inclusive, and therefore sues Defendants by such fictitious names. Defendant DOES 51 through 100, inclusive, are culpable individuals or legal persons engaged in actions including, but not limited to, the hiring, supervision, training, regulating, and disciplining of agents and employees of Defendants BLYTHE, SANTA ANA, and ORANGE COUNTY, as well as the adoption of policies and procedures by Defendants BLYTHE, SANTA ANA, and ORANGE COUNTY concerning the underlying conduct at issue. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

9. At all times herein mentioned, based upon information and belief, each of the Defendants, and DOES 1 through 100, inclusive, was the agent, servant and/or employee of each of the remaining Defendants; and in doing or omitting to do the things herein alleged were acting within the course and scope of such agency, service and/or employment with the permission and consent (implied, actual and/or constructive) of each principal; and each Defendant ratified the acts or omissions of each agent, servant and/or employee.

10. Plaintiff is informed and believes, and on that basis alleges, each of the Defendants sued herein as a DOE is responsible in some manner for the events and happenings herein referred to, thereby legally causing the injuries and damages to Plaintiff as herein alleged.

11. Pursuant to Gov. Code § 815.2, Defendants BLYTHE, SANTA ANA, and ORANGE COUNTY are liable for any injury proximately caused by the acts or omissions of its employees within the scope of their employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or her personal representative. Plaintiff heretofore alleges that the wrongful acts by Defendant DOES 1 through 100, inclusive, caused the injuries to Plaintiff as set forth in this complaint, in that these acts or omissions would have given rise to a cause of action against them and in favor of Plaintiff, independent of Gov. Code § 815.2.

12. Further, pursuant to Gov. Code § 820, Defendants BLYTHE, SANTA ANA, and ORANGE COUNTY, and each of them, are liable for injuries caused by their acts or omissions to the same extent as a private person. Plaintiff further alleges that Defendants BLYTHE, SANTA ANA, and

1   ORANGE COUNTY, and each of them, caused his injuries, as set forth in his complaint, and are

2   therefore liable to him for damages arising out of those injuries as authorized by Gov. Code § 820.

4                                 **JURISDICTION AND VENUE**

5       13.     This Court has jurisdiction over this matter because all Defendants conduct business in,

6   purposely avail themselves of, or otherwise reside within the State of California or the County of

7   Riverside.

8       14.     Venue is proper in the County of Riverside pursuant to § 395 et. seq., of the California

9   Code of Civil Procedure, as at least one of the Defendants resides within Riverside County and

10   Riverside County is a proper venue for a trial of the action.

11       15.     Many of the facts, acts, events, and circumstances herein mentioned and described

12   occurred in the County of Riverside, State of California.

14                                **GENERAL ALLEGATIONS**

15       16.     On or about July 17, 2020, Plaintiff was spending a quiet and relaxing Friday evening at

16   his home with his son, wife, and brother. The relaxing evening offered a pleasant respite for Plaintiff

17   after a week of work. At some point that evening, Plaintiff heard the doorbell ring and went downstairs

18   to answer the door. Once downstairs, Plaintiff looked out the window of the door to see a man dressed

19   like a Fed-Ex delivery driver standing at his door.

20       17.     Safely within his home, Plaintiff opened the door and the man dressed as a Fed-Ex

21   delivery driver told Plaintiff that he had a package for Plaintiff and needed Plaintiff to step outside to

22   sign for the package. Plaintiff, trusting the man at his door, stepped outside his home to sign for the

23   package before quickly realizing the man at the door was not who he claimed to be.

24       18.     As Plaintiff stepped outside, three large, intimidating men, all dressed in plain clothes,

25   stepped into view from around the side of Plaintiff's house and moved towards Plaintiff. The supposed

26   "Fed-Ex delivery driver" and the three unidentified men quickly surrounded Plaintiff before handcuffing

27   Plaintiff and telling him he was under arrest.

28   //

19.     Plaintiff was immediately afraid, confused, and humiliated. Plaintiff's son heard the commotion happening in front of his house and came downstairs, only to have Plaintiff plead with his son to go back upstairs. Plaintiff's wife came outside to see her husband handcuffed, vulnerable and in fear for his safety. To make matters worse, Plaintiff was being handcuffed out in front of his house–in full view of neighbors and passerbys alike.

20.     The officers who had handcuffed and arrested Plaintiff eventually informed him that he was being arrested based on a warrant from the County of Riverside on a felony vandalism charge. This information further confused Plaintiff as he was not a resident of and did not spend time in the County of Riverside. Plaintiff protested strongly and tried to learn more information from his arresters, but the officers did not provide further information.

21.     The arresting officers then informed Plaintiff and his wife that they were going to transport Plaintiff to the Santa Ana Jail in the City of Santa Ana, State of California, where Plaintiff was to be held on $5,000 bond. Plaintiff then suffered the indignity of giving his wedding ring to his wife as he was led away in handcuffs–scared, confused, and in fear of what was to come.

22.     Plaintiff was then transported to Santa Ana Jail where he was intrusively searched and processed. Throughout the transportation to Santa Ana Jail and the processing that followed, Plaintiff's wrists, arms, and shoulders were in great pain due to the tightness of the handcuffs placed on him by the arresting officers.

23.     While imprisoned in Santa Ana Jail, Plaintiff was forced to undergo further invasions of his privacy including, but not limited to, X-Rays, probing medical questions, and DNA collection. Plaintiff was then left to wait in various cells of Santa Ana Jail in substandard conditions as Plaintiff feared for his health and safety.

24.     At all times relevant herein, the COVID-19 pandemic was raging worldwide. Specifically, the effects of the COVID-19 pandemic on institutions such as jails and prisons, which have a high concentration of individuals without adequate health and safety measures, placed individuals held in such institution, such as Plaintiff, at extreme risk of infection and thereby posed heightened risks to Plaintiff's health and well-being.

//

25.    After enduring this ordeal for hours, Plaintiff was finally released on bond at around 3:00 a.m. on July 18, 2021. As a result of the unlawful arrest, detention, and imprisonment, Plaintiff was forced to post bail of $5,000.

26.    Following the unlawful arrest, detention, and imprisonment of Plaintiff, Plaintiff was forced to retain and pay for a criminal defense counsel to represent him in the criminal trial for Felony charges that would be forthcoming.

27.    Plaintiff was subsequently cleared of any and all culpability concerning the crime for which he was unlawfully arrested, detained, and imprisoned.

28.    On or about September 3, 2020, the Blythe Police Department issued an Incident Report relating to Plaintiff's unlawful arrest, detention, and imprisonment which found that there had been no probable cause to issue a warrant to arrest, detain, or imprison Plaintiff for the crime for which he was arrested, detained, and imprisoned on July 17, 2020.

29.    Plaintiff is informed and believes, and on that basis alleges, that, at some time before July 17, 2020, Defendants CARDONA and DOES 1 through 50, inclusive, acting in their capacity as police officers with the Blythe Police Department, a sub-agency of Defendant BLYTHE, issued or caused to be issued an arrest warrant for Plaintiff without probable cause.

30.    Plaintiff is informed and believes, and on that basis alleges, that, at some time before July 17, 2020, the arrest warrant issued for Plaintiff without probable cause was distributed and/or made available to Defendants CARDONA DOES 1 through 50, inclusive, and Defendants BLYTHE, SANTA ANA, and ORANGE COUNTY with the intent and purpose of having Plaintiff arrested, detained, and imprisoned without probable cause.

31.    Plaintiff is informed and believes, and on that basis alleges, that on or about July 17, 2020, Defendants BLYTHE, ORANGE COUNTY, CARDONA, and DOES 1 through 50, inclusive, unlawfully arrested and detained, or caused the unlawful arrest and detainment of, Plaintiff at his home at 17332 Stafford Circle, Yorba Linda, California. Plaintiff further alleges that Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, CARDONA, and DOES 1 through 50, inclusive, then unlawfully imprisoned, or caused the unlawful imprisonment of, Plaintiff at the Santa Ana Jail.

//

32.     Plaintiff is informed and believes, and on that basis alleges, that Defendants ORANGE COUNTY and DOES 1 through 50, inclusive, through the "Tactical Apprehension Team" of the Orange County Sheriff's Department (a sub-agency of Defendant ORANGE COUNTY) unlawfully arrested and detained Plaintiff at his home on July 17, 2020, and subsequently transported Plaintiff to and unlawfully imprisoned at Santa Ana Jail (a facility owned and operated by Defendant SANTA ANA). Defendant DOES 1 through 50, inclusive, acting as members of the "Tactical Apprehension Team" of the Orange County Sheriff's Department, were acting within the course and scope of their employment with Defendant ORANGE COUNTY.

33.     At all times herein mentioned, Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, and each of them, when acting as a principal, were negligent in the selection and hiring of each and every other Defendant as an agent, employee and/or joint venturer.

34.     On or about January 12, 2021, Plaintiff timely served a Notice of Claim on the City of Blythe pursuant to Gov. Code § 911.2 et seq.

35.     On or about January 12, 2021, Plaintiff timely served a Notice of Claim on the City of Santa Ana pursuant to Gov. Code § 911.2 et seq., and the City of Santa Ana rejected the claim on January 28, 2021.

36.     On or about January 12, 2021, Plaintiff timely served a Notice of Claim on the County of Orange pursuant to Gov. Code § 911.2 et seq., and the County of Orange rejected the claim on February 18, 2021.

## FIRST CAUSE OF ACTION

### FALSE IMPRISONMENT

**(By Plaintiff Against Defendants City of Blythe, City of Santa Ana,**

**County of Orange, J. Cardona, and DOES 1 through 50, inclusive)**

37.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

//

38.     Plaintiff is informed and believes, and on that basis, alleges that Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, CARDONA, and DOES 1 through 50, inclusive, arrested, or intentionally caused Plaintiff to be arrested without probable cause, on July 17, 2020.

39.     Plaintiff is informed and believes, and on that basis alleges, that Defendants BYLTHE and DOES 1 through 50, inclusive, issued a warrant for Plaintiff's arrest without any probable cause. Plaintiff further alleges that Defendants BYLTHE, CARDONA, DOES 1 through 50, inclusive, acted with malice by issuing the warrant with a willful and reckless disregard for the truth and failing to conduct any investigation into the true identity of Plaintiff or his capability to have committed the crime for which he the warrant was issued. As a result, the officers responsible for issuing the arrest warrant are liable as they were a party to and assisted in the commission of Plaintiff's false imprisonment.

40.     Additionally, Plaintiff is informed and believes, and on that basis alleges, that Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, CARDONA and DOES 1 through 50, inclusive, unlawfully arrested, searched, detained, and/or imprisoned Plaintiff or caused Plaintiff to be unlawfully arrested, searched, detained, and imprisoned. Plaintiff further alleges that Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, CARDONA and DOES 1 through 50, inclusive, acted with malice as they knew, or should have known, that the arrest, search, detention, and/or imprisonment of Plaintiff was unlawful and yet they acted with a willful and reckless disregard for the truth or probity of the arrest warrant.

41.     Plaintiff is informed and believes, and on that basis alleges, that Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, CARDONA, and DOES 1 through 50, inclusive, unlawfully imprisoned Plaintiff, or caused the unlawful imprisonment of Plaintiff, at Santa Ana Jail. Additionally, Plaintiff alleges Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, CARDONA, and DOES 1 through 50, inclusive, acted with malice as they knew, or should have known, that the imprisonment was unlawful and acted with a willful and reckless disregard of the truth underlying the arrest warrant of Plaintiff.

42.     The unlawful and unconstitutional conduct of Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, CARDONA, and DOES 1 through 50, inclusive, harmed Plaintiff by subjecting him to, among other things, injury, severe emotional distress, and pain and suffering.

43.   The conduct of Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, CARDONA and DOES 1 through 50, inclusive, was a substantial factor in causing the harm suffered by Plaintiff.

44.   As a direct and proximate result of the wrongful and unlawful conduct of Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, CARDONA and DOES 1 through 50, inclusive, Plaintiff suffered and continues to suffer damages which includes injury and severe emotional distress, including, but not limited to, stress, anxiety, and mental anguish, as well as pain and suffering, all in an amount to be shown according to proof at trial.

45.   Defendants CARDONA and DOES 1 through 50, inclusive, acted with reckless and callous disregard for the constitutional rights of Plaintiff. The conduct was willful, oppressive, and malicious, and Plaintiff will seek punitive damages against Defendants CARDONA and DOES 1 through 50, inclusive.

## SECOND CAUSE OF ACTION

### VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS (42 U.S.C. § 1983)

### (By Plaintiff Against Defendants City of Blythe, City of Santa Ana,

### County of Orange, J. Cardona and DOES 1 through 100, inclusive)

46.   Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47.   Plaintiff is informed and believes, and on that basis alleges, that Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, CARDONA, and DOES 1 through 100, inclusive, subjected Plaintiff, or caused Plaintiff to be subjected, to the deprivation of his rights, privileges, and/or immunities as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States.

48.   Plaintiff further alleges that Defendants CARDONA and DOES 1 through 100, inclusive, acting in their capacity as peace officers, employees, and/or agents of Defendants BLYTHE, SANTA ANA, and ORANGE COUNTY, all governmental entities, acted under the color of state law and subjected Plaintiff, or caused Plaintiff to be subjected, to unlawful and unconstitutional arrest, detention, and imprisonment without probable cause with the intent of, or reckless indifference to, the violation of

1  Plaintiff's Fourth Amendment rights secured under the United States Constitution and applied to the
2  states under the Fourteenth Amendment.

3      49.     The infringement of Plaintiff's Fourth Amendment rights, privileges, and/or immunities
4  by Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, CARDONA, and DOES 1 through 100,
5  inclusive, harmed Plaintiff and the aforementioned Defendants' conduct was a substantial factor in
6  causing Plaintiff's harm.

7      50.     Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant
8  herein, Defendants CARDONA and DOES 1 through 100, inclusive, were acting or purporting to act in
9  the performance of their duties as police officers, sheriff's deputies, peace officers, agents, and/or
10  employees of Defendants BLYTHE, SANTA ANA, and ORANGE COUNTY, all governmental
11  entities. As a result, the actions of Defendants 1 through 50, inclusive, constituted state action. This
12  deprivation of constitutional rights under the color of law is actionable under and may be redressed by
13  42 U.S.C. § 1983.

14      51.     As a direct and proximate legal result of Defendants' violation of Plaintiff's Fourth
15  Amendment Rights, Plaintiff suffered and continues to suffer damages which includes injury and severe
16  emotional distress, including, but not limited to, stress, anxiety, and mental anguish, as well as pain and
17  suffering, all in an amount to be shown according to proof at trial. Said injuries and damages are
18  compensable pursuant to 42 U.S.C. § 1983 and in an amount to be shown according to proof at trial.

19

20                              **THIRD CAUSE OF ACTION**
21            Violation of Article I, Section 13 of California State Constitution
22                          **(By Plaintiff Against All Defendant)**

23      52.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully
24  set forth herein.

25      53.     Article I, Section 13 of the California Constitution guarantees Plaintiff the right to be free
26  from unreasonable searches or seizures and arrest without probable cause.

27      54.     The conduct of Defendants BLYTHE, SANTA ANA, ORANGE COUNTY,
28  CARDONA, and DOES 1 through 50, inclusive, as described above and herein, violated

Plaintiff's rights secured under Article I, Section 13 of the California Constitution by searching, seizing, arresting, detaining, and imprisoning Plaintiff without probable cause.

55.     As a direct and proximate legal result of Defendants' violation of Plaintiff's right to be free from unreasonable seizures and searches without probable cause under the California Constitution, Plaintiff suffered and continues to suffer damages which includes injury and severe emotional distress, including, but not limited to, stress, anxiety, and mental anguish, as well as pain and suffering, all in an amount to be shown according to proof at trial.

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (By Plaintiff Against All Defendants)

56.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57.     As described above, Defendants, and each of them, unlawfully arrested, detained, and imprisoned Plaintiff without probable cause.

58.     Defendants' conduct was intentionally harmful, oppressive, unconstitutional, and offensive, and was done with the intent to harm and/or offend Plaintiff.

59.     Plaintiff is informed and believes, and on that basis alleges, that the conduct of Defendants, and each of them, was outrageous and would be offensive to a reasonable person. Further, Plaintiff alleges that Defendants abused their position of authority as law enforcement officials with the power to issue arrest warrants to arrest, detain, and imprison Plaintiff.

60.     As a direct and proximate result of his unlawful arrest, detention, and imprisonment, Plaintiff was detained at Santa Ana Jail during the COVID-19 pandemic, causing Plaintiff to suffer further emotional distress due to heightened risk of exposure to the deadly pandemic and Plaintiff's increased fear for his health and safety.

61.     Plaintiff never consented to the conduct of Defendants, and each of them, and Plaintiff was harmed and/or offended by the conduct of Defendants, and each of them.

//

62.   Defendants, and each of them, intended to cause Plaintiff emotional distress and/or acted with reckless disregard of the probability that Plaintiff would suffer severe emotional distress following a life-shattering and unlawful arrest, detention, and imprisonment.

63.   Plaintiff has suffered and continues to suffer severe emotional distress including, but not limited to, mental anguish, fear, and anxiety arising from the unlawful arrest, detention, and imprisonment of Plaintiff by Defendants and knowing that none of the responsible parties have been punished or disciplined for their egregious and offensive conduct.

64.   The outrageous and offensive conduct of Defendants CARDONA and DOES 1 through 100, inclusive, was a substantial factor in causing Plaintiff to suffer and continue to suffer severe emotional distress including, but not limited to, mental anguish, fear, and anxiety. Further, a reasonable person in Plaintiff's position would have been offended by the conduct of Defendant DOES 1 through 100, inclusive.

65.   As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer damages which includes injury and severe emotional distress, including, but not limited to, stress, anxiety, and mental anguish, as well as pain and suffering, all in an amount to be shown according to proof at trial.

66.   Defendant DOES 1 through 100, inclusive, acted with reckless and callous disregard for the constitutional rights of Plaintiff. The conduct was willful, oppressive, and malicious, and Plaintiff will seek punitive damages against individual Defendant DOES 1 through 100, inclusive.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

### (By Plaintiff Against All Defendants)

67.   Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68.   At all times relevant herein, Defendants, and each of them, owed a duty to Plaintiff to act with the ordinary care of reasonable persons. Defendants, and each of them, owed a duty to Plaintiff to avoid subjecting Plaintiff to arrest, detention, and imprisonment without reasonable cause. This duty

included, but was not limited to, the hiring, retention, training and supervision of all agents and employees of Defendants BLYTHE, SANTA ANA, and ORANGE COUNTY, as well as the adoption of policies and procedures that would limit the risk of harm faced by Plaintiff from employees of Defendants BLYTHE, SANTA ANA, and ORANGE COUNTY.

69. Plaintiff is informed and believes, and on that basis alleges, that Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, breached their duty of care to Plaintiff by (1) failing to investigate a crime and/or the nature of Plaintiff's believed involvement in a crime that led to issuing a baseless and unlawful arrest warrant for Plaintiff's arrest, (2) negligently hiring, retaining, training, directing, ordering, and supervising agents and employees who unlawfully arrested and detained Plaintiff and (3) adopting regulations, policies, and procedures that caused Plaintiff to be unlawfully arrested and detained. By breaching their duty to Plaintiff, Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 1 through 100, inclusive, caused Plaintiff to suffer injuries and severe emotional distress.

70. At all times herein, Defendants SANTA ANA, ORANGE COUNTY, and DOES 1 through 50, inclusive, owed a duty to Plaintiff to exercise the ordinary care of a reasonably person to conduct due diligence and/or reasonable investigation into the probity or lawfulness of warrants issued by outside jurisdiction before arresting, detaining, and imprisoning individuals on the basis of said warrants.

71. Plaintiff is informed and believes, and on that basis alleges, that Defendants SANTA ANA, ORANGE COUNTY, and DOES 1 through 50, inclusive, breached their duty to Plaintiff by failing to act with the ordinary care of a reasonable person and failing to conduct due diligence and/or reasonable investigation into the probity or lawfulness of the warrant issued for Plaintiff's arrest, detainment, and imprisonment.

72. At all times herein, Defendants SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, owed Plaintiff a duty to adopt policies, procedures, standards of review, etc., that could reasonably be expected to limit the risk to Plaintiff and the public that they would be subjected to unlawful arrest, detention, and imprisonment due to the failure of the agents or employees of Defendants SANTA and ORANGE COUNTY to exercise reasonable care by performing due diligence and/or

1  reasonable investigation of the probity or lawfulness of warrants issued by outside jurisdictions before
2  executing said warrants.

3    73.    Plaintiff alleges on information and belief that Defendants SANTA ANA, ORANGE
4  COUNTY, and DOES 1 through 100, inclusive, breached their duty to Plaintiff by failing to adopt
5  policies, procedures, standards of review, etc., that could reasonably be expected to limit the risk to
6  Plaintiff that employees or agents of Defendants SANTA ANA and ORANGE COUNTY would fail to
7  exercise reasonable care by performing due diligence and/or reasonable investigation of the probity or
8  lawfulness of the warrants issued by outside jurisdictions before executing said warrants, thereby
9  causing Plaintiff's unlawful arrest detainment and imprisonment.

10    74.    Plaintiff is informed and believes, and on that basis alleges, that Defendants BLYTHE,
11  SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, and each of them, created,
12  adopted, and maintained negligent policies and procedures that directly caused the unlawful arrest,
13  detention, and imprisonment of Plaintiff. Further, Defendants BLYTHE, SANTA ANA, ORANGE
14  COUNTY, and DOES 51 through 100, inclusive, and each of them, failed to adopt sufficient regulations
15  and disciplinary procedures to prevent their employees and agents from presenting a danger to Plaintiff.

16    75.    Defendants BLYTHE, SANTA ANA, and ORANGE COUNTY, CARDONA, and
17  DOES 1 through 50, inclusive, breached their duty of care by negligently arresting, detaining, and
18  imprisoning Plaintiff without probable cause and causing him to suffer injuries and severe emotional
19  distress.

20    76.    As a direct and proximate result of his negligent and unlawful arrest, detention, and
21  imprisonment, Plaintiff was detained at Santa Ana Jail during the COVID-19 pandemic, causing
22  Plaintiff to suffer further emotional distress due to heightened risk of exposure to the deadly pandemic
23  and Plaintiff's increased fear for his health and safety.

24    77.    As a direct and proximate result of the negligence of Defendants BLYTHE, SANTA
25  ANA, ORANGE COUNTY, CARDONA, and DOES 1 through 100, inclusive, Plaintiff suffered serious
26  emotional distress, including, but not limited to, mental anguish, fear, anxiety, and nervousness. The
27  emotional distress of Plaintiff is of a nature that an ordinary, reasonable person would be unable to bear
28  it.

78.     As a direct and proximate result of Defendants' negligent conduct, Plaintiff suffered and continues to suffer damages which includes injury and severe emotional distress, including, but not limited to, stress, anxiety, and mental anguish, as well as pain and suffering, all in an amount to be shown according to proof at trial.

## SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (By Plaintiff Against all Defendants)

79.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.     At all times relevant herein, Defendants CARDONA and DOES 1 through 50, inclusive, owed a duty to Plaintiff to act with the ordinary care of reasonable persons. Specifically, Defendants, and each of them, owed a duty to Plaintiff to avoid subjecting Plaintiff to unlawful and unconstitutional arrest, detention, and imprisonment without probable cause.

81.     Defendants CARDONA and DOES 1 through 50, inclusive, breached their duty by negligently and carelessly conducting themselves in such a reckless manner so as to unlawfully arrest, detain, and imprison Plaintiff.

82.     As a direct and proximate result of the negligent and reckless conduct of Defendants CARDONA and DOES 1 through 50, inclusive, Plaintiff suffered severe emotional distress including, but not limited to, fear, anxiety, nervousness, and mental anguish of such an offensive nature that an ordinary, reasonable person would be unable to bear it.

83.     Additionally, Defendants BLYTHE, SANTA ANA, and ORANGE COUNTY, and DOES 51 through 100, inclusive, owed a duty to Plaintiff that included, but was not limited to: (1) the hiring, retention, training, directing, ordering, and supervision of their agents and employees with the ordinary care of reasonable persons and (2) the adoption of policies and procedures that would limit the risk of harm faced by Plaintiff from employees of Defendants BLYTHE, SANTA ANA, and ORANGE COUNTY.

//

84.     Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, breached their duty by negligently and recklessly conducting themselves in such a manner as to cause the unlawful arrest, detention, and imprisonment of Plaintiff. Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive: (1) negligently hired, retained, trained, ordered, directed, and supervised agents and employees in a manner which Defendants' knew, or in the exercise of reasonable care should have known, subjected Plaintiff and the public to an unacceptable risk of unlawful and unconstitutional conduct; and (2) negligently adopted policies and procedures that Defendants' knew, or in the exercise of reasonable care should have known, permitted and caused the traumatic and unlawful arrest, detainment and imprisonment of Plaintiff without probably cause.

85.     The subsequent actions/inactions of Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, and each of them, has caused Plaintiff further emotional distress including, but not limited to, fear, anxiety, nervousness, and mental anguish. Plaintiff has filed claims informing Defendants BLYTHE, SANTA ANA, and ORANGE COUNTY of the harmful and offensive conduct of Defendants CARDONA and DOES 1 through 50, inclusive. Plaintiff is informed and believes, and on that basis alleges, however, that none of the responsible entities have taken any actions to discipline the culpable employees or agents or to reassess and adopt new policies and procedures that can be reasonable thought to prevent such harmful and offensive conduct in the future.

86.     The harm underlying this action was a direct and proximate result of the negligent conduct of Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, as described above, causing Plaintiff to suffer severe emotional distress including, but not limited to, fear, anxiety, nervousness, and mental anguish of such an offensive nature that an ordinary, reasonable person would be unable to bear it.

87.     As a direct and proximate result of the negligent conduct of all Defendants, Plaintiff was imprisoned at Santa Ana Jail during the COVID-19 pandemic, causing Plaintiff to suffer additional emotional distress due to heightened risk of exposure to the deadly pandemic and Plaintiff's increased fear for his health and safety.

88.     As a direct and proximate result of Defendants' negligent conduct, Plaintiff suffered and continues to suffer damages which includes injury and emotional distress, including, but not limited to anxiety, fear, nervousness, and mental anguish, as well as pain and suffering, all in an amount to be shown according to proof at trial.

## SEVENTH CAUSE OF ACTION

### FAILURE TO TRAIN (42 U.S.C. § 1983)

**(By Plaintiff Against Defendants City of Blythe, City of Santa Ana,**

**County of Orange, and DOES 51 through 100, inclusive)**

89.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90.     Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, are liable pursuant to 42 U.S.C. § 1983 for the failure to train their employees and agents not to unlawfully arrest, detain, and imprison individuals without probable cause and a reasonable basis for their arrest, detention, and imprisonment.

91.     Plaintiff is informed and believes, and on that basis alleges, that, at all times mentioned herein, Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, were responsible with the selection, training, discipline, and discharge of their respective agents and employees. At all times material herein, Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, had the power and authority to discharge and reassess personnel who were believed to be incompetent, reckless, negligent, or otherwise posed a risk to the public.

92.     Plaintiff believes, and on that basis alleges, that Defendant BLYTHE and its sub-agency the Blythe Police Department has a known history of issuing warrants for arrest without performing reasonable due diligence and investigation to ensure the warrant is justified by probable cause.

93.     Plaintiff believes, and on that basis alleges, that Defendant ORANGE COUNTY has a known history of executing arrest warrants issued by outside jurisdictions without exercising reasonable due diligence or investigation to ensure the warrant is justified by probable cause.

94.     Plaintiff believes, and on that basis alleges, that Defendant SANTA ANA has a known history of imprisoning individuals at the Santa Ana Jail based on arrest warrants issued by outside jurisdictions without exercising reasonable due diligence or investigation to ensure the arrest warrant is justified by probable cause.

95.     Plaintiff is informed and believes, and on that basis alleges, that Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, knew, or in the exercise of reasonable care should have known, of similar incidents involving the issuing of arrest warrants without probable cause and using outside police and sheriff agencies to execute said defective arrest warrants, thereby causing the unlawful arrest and detainment of individuals without probable cause. As a result, Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, had prior notice of the risk of unlawful arrest and detention due to defective arrest warrants executed by outside jurisdictions and could have prevented the subject incident by and through reasonable measures, including but not limited to, increased training and regulation concerning the due diligence and investigation to be exercised when issuing arrest warrants and the standards of review, due diligence, and investigation required before executing arrest warrants issued by outside jurisdictions.

96.     Plaintiff is informed and believes, and on that basis alleges, that prior to July 17, 2020, Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, did nothing to ensure that the peace officers hired, trained, supervised, and disciplined by the responsible police and sheriff departments were sufficiently trained and supervised to exercise their duties with the competency necessary to ensure that the issuance and execution of arrest warrants was done with probable cause.

97.     The need to provide alternative and adequate training, regulations, and discipline was so obvious, and the likelihood that the inadequacies of the training, regulations, and discipline would lead to constitutional injuries of individuals was so high, that the failure of Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, to provide adequate training, regulations, and discipline constituted deliberate indifference.

//

//

98.     As a result of the inadequate training, discipline, and regulations, Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, inappropriately exposed Plaintiff to unlawful and unconstitutional arrest, detention, and imprisonment without probable cause.

99.     As a direct and proximate legal result of Defendants violation of Plaintiff's constitutional rights, Plaintiff suffered and continues to suffer damages which includes injury and emotional distress, including, but not limited to anxiety, fear, nervousness, and mental anguish, as well as pain and suffering. Said injuries and damages are compensable pursuant to 42 U.S.C. § 1983 and in an amount to be shown according to proof at trial.

## **EIGHTH CAUSE OF ACTION**

### NEGLIGENT HIRING, RETENTION AND SUPERVISION

**(By Plaintiff as Against Defendants City of Blythe, City of Santa Ana, County of Orange, and DOES 51 through 100, inclusive)**

100.    Plaintiff realleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

101.    Plaintiff is informed and believes, and on that basis alleges, that Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, hired, retained, and supervised Defendants CARDONA and DOES 1 through 50, inclusive.

102.    Plaintiff is informed and believes, and on that basis alleges, that Defendants CARDONA and DOES 1 through 50, inclusive, were incompetent to perform the duties for which they were hired including, but not limited to, exercising reasonable care and due diligence to issue and execute arrest warrants in a manner consistent with the Constitution on the basis of probable cause.

103.    Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, knew, or in the exercise of reasonable care should have known, that Defendants CARDONA and DOES 1 through 50, inclusive, were incompetent and that this incompetence increased the risk that Plaintiff and the public would be subjected to unlawful and unconstitutional arrest, detention, and imprisonment without probable cause.

//

104.    The incompetence of Defendants CARDONA and DOES 1 through 50, inclusive, harmed Plaintiff by causing him to be unlawfully arrested, detained, and imprisoned without probable cause, thereby subjecting Plaintiff to injury and severe emotional distress including, but not limited to, mental anguish, fear, anxiety, and nervousness.

105.    The negligent hiring, retention, and supervision of Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, was a substantial factor causing Plaintiff to be unlawfully arrested, detained, and imprisoned without probable cause, thereby subjecting Plaintiff to injury and severe emotional distress including, but not limited to, mental anguish, fear, anxiety, and nervousness.

106.    Plaintiff is informed and believes, and on that basis alleges, that Defendants BLYTHE, SANTA ANA, ORANGE COUNTY, and DOES 51 through 100, inclusive, failed to properly discipline past instances of similar incompetency and misconduct by agents and employees, negligently created a culture of impunity that directly and proximately caused the unlawful arrest, detention, and imprisonment of Plaintiff.

107.    As a direct and proximate result of Defendants' negligent conduct, Plaintiff suffered and continues to suffer damages which includes injury and emotional distress, including, but not limited to anxiety, fear, nervousness, and mental anguish, as well as pain and suffering, all in an amount to be shown according to proof at trial.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims for relief alleged in, and on all issues raised by this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BYRON BLACK prays for judgment against the Defendants, and each of them, as follows:

1.    For an award of Plaintiff's general, special, actual and compensatory damages as proven at time of trial;

2.    For an award of Plaintiff's punitive damages as proven at time of trial;

3.   For lost earnings and earning capacity, past and future, according to proof;

4.   For prejudgment interest;

5.   For costs of suit and attorney fees, if awarded by the court, incurred herein; and

6.   For such other and further relief as the court may deem just and proper.

Dated: July 27, 2021                      MCCUNE WRIGHT AREVALO, LLP

By: _____
        Cory R. Weck
        Brynna D. Popka
        Attorneys for Plaintiff

-21-
COMPLAINT